**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Armando A. Ortiz
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAWN RASBERRY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　-against-<br><br>ON POINT SYSTEM & MANAGEMENT INC.,<br><br>　　　　　　　　Defendant. | No: 21 Civ. 6195<br><br>**CLASS AND**<br>**COLLECTIVE ACTION**<br>**COMPLAINT** |

Dawn Rasberry ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1.　This lawsuit seeks to recover minimum wage compensation and other damages for Plaintiff and similarly situated non-exempt hourly positions such as porters and cleaners (collectively "Porters") who work or have worked for On Point System & Management Inc. ("On Point") in New York.

2.　Headquartered in Great Neck, New York, On Point provides janitorial services, laundry services, security watch services to facilities throughout New York.[1]

---

[1]　*See* Services: On Point System & Management, *available at*

1

3. According to its central website, On Point has been "specializing in contract cleaning services for more than 15 years" and "has 100+ fully trained cleaning and specialty personnel ready to fulfill your business's cleaning requirements."[2]

4. On Point provides cleaning services to numerous facilities across the five boroughs of New York City and the surrounding areas. For example, its website lists clients such as: City University of New York; YMCA (Bronx); YMCA (Chinatown); YMCA (Coney Island); YMCA (Dodge); YMCA (Flatbush); YMCA (Jamaica); YMCA (McBurney); YMCA (North Brooklyn); YMCA (Park Slope Armory); YMCA (Prospect Park); YMCA (Ridgewood); YMCA (Vanderbilt); YMCA (Westside); and YMCA (Huntington, Long Island).[3]

5. At all relevant times, Defendant compensated Plaintiff and all other Porters on an hourly basis.

6. Defendant instituted a policy and practice whereby it fails to pay Plaintiff and other Porters for their final paychecks.

7. Additionally, at all relevant times Defendant compensated Plaintiff and all other Porters in New York on a bi-weekly basis.

8. Despite being manual workers, Defendant failed to properly pay Plaintiff and other Porters in New York their wages within seven calendar days after the end of the week in which these wages were earned.

9. In this regard, Defendant failed to provide timely wages to Plaintiff and all other similarly situated Porters in New York.

---

https://www.onpointsystemnyc.com/services (last accessed November 1, 2021).
[2] *Id.*
[3] *See* Our Clients: On Point System & Management, available at https://www.onpointsystemnyc.com/clients (last accessed November 1, 2021).

2

10. Plaintiff brings this action on behalf of herself and all other similarly situated Porters companywide who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

11. Plaintiff also brings this action on behalf of herself and all other similarly situated Porters in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL"), and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiff**

### Dawn Rasberry

12. Dawn Rasberry ("Rasberry") is an adult individual who is a resident of the State of New York.

13. Rasberry was employed by Defendant as a porter/cleaner – a manual worker – from approximately May 2021 through the end of July 2021. Rasberry worked as a porter/cleaner for Defendant at the YMCA located at 1401 Flatbush Avenue, Brooklyn, New York 11210.

14. Rasberry is a covered employee within the meaning of the FLSA and the NYLL.

15. A written consent form for Rasberry is being filed with this Class Action Complaint.

**Defendant**

### On Point System & Management Inc.

16. On Point System & Management Inc. ("On Point System & Management") is a domestic business corporation organized and existing under the laws of New York.

17. According to the New York Department of Corporations database, On Point System & Management's offices are located at 425 Northern Boulevard, Suite 25, Great Neck, New York

11021. On Point System & Management's service of process address is listed as The Corporation, 425 Northern Boulevard, Suite 25, Great Neck, New York 11021.

18. On Point System & Management was and is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

19. On Point System & Management has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

20. On Point System & Management is the corporate payor that appears on the paystubs provided to Plaintiff and similarly situated employees.

21. On Point System & Management applies the same employment policies, practices, and procedures to all Porters in its operation, including policies, practices, and procedures with respect to payment of wages.

22. Upon information and belief, at all relevant times, On Point System & Management has had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

24. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

25. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Defendant's conduct business in this District and the events giving rise to this case arose in this District.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of herself and all similarly situated persons who work or have worked as Porters for On Point who elect to opt-in to this action (the "FLSA Collective") companywide.

27. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective for minimum wages for hours worked but not compensated.

28. Consistent with Defendant's policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper minimum wages for all hours worked.

29. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

30. As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked.

31. An employer "willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *See Young v. Cooper Cameron Corp.*, 586 F. 3d 201, 207 (2d Cir. 2009).

32. According to *Whiteside v Hover-Davis*, "a claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See* 995 F.3d 315, 323 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "For a plaintiff to nudge their claim 'across

5

the line from conceivable to plausible,' [they] must 'raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" *See id.* (quoting *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1995)).

33. Defendant's willful violation of the FLSA is evidenced by the clear nature of the violation – it is without question illegal to withhold payment for any hours worked.

34. Moreover, Defendant took steps to actively hide other wage and hour violations. In this regard, Defendant put an extra sum of money in to at least one of Plaintiff's paychecks and required her to give this sum of money to a coworker. Plaintiff understood this sum to be compensation for her coworker's overtime hours, and was told by her supervisor that he was not allowed to put overtime hours or pay on the payroll checks.

35. Here, as evidenced below, discovery will certainly reveal evidence that Defendant blatantly ignored the FLSA's explicit requirement that it must compensate its workers at least the applicable minimum wages for any hours worked, that it must pay proper overtime compensation to individuals directly, and that it knew its policies and practices violated the law.

36. As such, Defendant's actions constitute a willful violation of the FLSA.

## NEW YORK CLASS ACTION ALLEGATIONS

37. Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

>All persons who work or have worked as porters, cleaners, and similar positions for On Point in New York between March 25, 2015[4] and the date of final judgment in this matter (the "New York Class").

38. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

39. There are more than fifty members of the New York Class.

40. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

41. Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

42. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

43. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

44. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

---

[4] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

45. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> (a) whether Defendant correctly compensated Plaintiff and the New York Class no less than the applicable minimum wage for all hours worked;
>
> (b) whether Defendant failed to pay all agreed upon wages for hours worked by Plaintiff and the New York Class;
>
> (c) whether Defendant correctly compensated Plaintiff and the New York Class on a timely basis;
>
> (d) whether Defendant failed to furnish Plaintiff and the New York Class with a proper time of hire wage notice, as required by the NYLL; and
>
> (e) whether Defendant failed to furnish Plaintiff and the New York Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

46. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Dawn Rasberry**

47. Rasberry was employed as a porter/cleaner by Defendant from approximately May 2021 through the end of July 2021.

48. Defendant placed Rasberry to work as a porter/cleaner at the YMCA located at 1401

8

Flatbush Avenue, Brooklyn, New York 11210.

49. During her time with Defendant, her assigned YMCA location was a New York City COVID-19 vaccination site.

50. Rasberry was at all times an employee of Defendant. In this regard, she reported to supervisors employed by On Point – namely, Willie McCrimmon and Brandon (l/n/u).

51. At all relevant times, Rasberry received her schedules from On Point.

52. During her employment, Rasberry was a non-exempt worker paid on an hourly basis. At the start of her employment, Rasberry received $15.00 per hour, and was subsequently raised to $20.90 per hour.

53. Unless she missed time for sick days, vacation, or personal days, Rasberry worked the following schedule: 3 to 4 shifts per week, generally ranging from either 8:00am to 4:00pm or 4:00pm to 9:00pm.

54. Despite working at least one day during her last bi-weekly pay period, Defendant failed to pay Rasberry her final paycheck.

55. During her employment, Defendant actively avoided the overtime and record keeping requirements of the FLSA and NYLL. In this regard, Defendant put an extra sum of money in to at least one of Plaintiff's paychecks and required her to give this sum of money to a coworker. Plaintiff understood this sum to be compensation for her coworker's overtime hours and was told by her supervisor that he was not allowed to put overtime hours or pay on the payroll checks.

56. During her employment, over twenty-five percent of Rasberry's duties were physical tasks, including but not limited to: 1) walking around YMCA facilities, 2) sweeping floors, 3) dusting surfaces, 4) mopping floors, 5) emptying garbage containers and taking garbage out, 6) sanitizing tables, rails, and other surfaces, and 7) cleaning offices, class rooms, and pantries.

57. Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Defendant compensated Rasberry on a bi-weekly basis.

58. For example, for the week beginning on June 3, 2021 and ending June 16, 2021, Rasberry was paid her lawfully earned wages on June 18, 2021. *See* **Exhibit A**, Paystub.

59. Defendant failed to timely pay Rasberry her wages earned from June 3, 2021 through June 9, 2021 by June 16, 2021 as required by NYLL § 191(1)(a).

60. As a result of Defendant's untimely wage payments, Rasberry was underpaid for the period of June 3, 2021 through June 9, 2021, and for every corresponding period where Defendant paid her on an untimely basis.

61. Defendant failed to provide Rasberry with a proper time of hire wage notice as required by the NYLL.

62. Throughout his employment, Defendant failed to provide Rasberry with accurate wage statements with each payment of wages as required by the NYLL.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. At all times relevant, Plaintiff and the FLSA Collective were or have been employees, and Defendant was or has been an employer of Plaintiff and the FLSA Collective, within the meaning of 29 U.S.C §§ 201 *et seq.*

65. At all times relevant, Defendant has been an employer of Plaintiff and the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

66. Defendant failed to pay Plaintiff and the FLSA Collective for all hours worked at no less than the applicable minimum wage.

67. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Minimum Wages
(Brought on behalf of Plaintiff and the New York Class)

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. The minimum wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

70. Defendant failed to pay Plaintiff and the New York Class the proper minimum wage rates to which they were entitled to under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked less than 40 per workweek.

71. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Pay Agreed Upon Wages
(Brought on behalf of Plaintiff and the New York Class)

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. The wage provisions of Article 6 of the NYLL and its supporting regulations apply to Defendant, and protect Plaintiff and the New York Class.

74. Pursuant to NYLL, Article 6 § 191(1)(d), Defendant is required to pay Plaintiff and the New York Class the wages they have earned in accordance with the agreed terms of their employment.

75. Defendant failed to pay Plaintiff and the New York Class the earned wages to which they are entitled to under the NYLL and the supporting New York State Department of Labor Regulations, pursuant to the agreed-upon terms of Plaintiff's employment.

76. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant their agreed-upon earned wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the New York Class)**

77. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

79. Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the New York Class being underpaid.

80. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely

wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Time of Hire Notice**
**(Brought on behalf of Plaintiff and the New York Class)**

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendant failed to supply Plaintiff and the New York Class with a proper time of hire wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

83. Due to Defendant's violations of NYLL, Article 6, § 195(1), Plaintiff and the New York Class are entitled to statutory penalties of fifty dollars for each workday that Defendant failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiff and the New York Class)

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. Defendant failed to supply Plaintiff and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

86. Due to Defendant's violations of NYLL § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all porters, cleaners, and similar positions companywide who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked

for On Point System & Management. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

  B. Unpaid minimum wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

  C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

  D. Designation of Plaintiff as representative of the New York Class and counsel of record as Class Counsel;

  E. Unpaid minimum wages, agreed upon wages, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

  F. Liquidated damages in the amount of the untimely wage payments pursuant to the NYLL;

  G. Liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

  H. Statutory penalties of fifty dollars for each workday that Defendant failed to provide Plaintiff and the New York Class with proper time of hire wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

  I. Statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide Plaintiff and the New York Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article § 198;

  J. Prejudgment and post-judgment interest;

K. Reasonable attorneys' fees and costs of the action; and

L. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
November 8, 2021

Respectfully submitted,

/s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Armando A. Ortiz
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class and Collective*

## FAIR LABOR STANDARDS ACT CONSENT

1.    I consent to be a party plaintiff in a lawsuit against ONPOINT SYSTEM AND MANAGEMENT and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.    By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_[signature]_
Dawn Rasberry (Jul 21, 2021 13:44 EDT)
_____
Signature

# Dawn Rasberry
_____
Full Legal Name (Print)

# EXHIBIT A

# OnPoint System & Management Inc

Flatbush YMCA

| Employee info | Employee # | Pay Schedule | Pay Period |
|---|---|---|---|
| Dawn | 4 | Bi-Weekly | 06/03/21 ~ 06/16/21 |

| Earnings | Hourly Rate | Hours | Total Amount |
|---|---|---|---|
| Regular Earnings | $20.90 | 39 | $815.10 |
| Deductions | | | |
| FICA (Medicare+Social Security) | | | -$62.36 |
| Federal WH | | | -$0.74 |
| Total | | 39 | $752.00 |